16-509-pr
Hicks v. Adams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
     CHRISTOPHER F. DRONEY,
        *Circuit Judges*,
     ANN M. DONNELLY,
        *District Judge*.*

-----------------------------------------------------------------------

CLARENCE HICKS,
     *Plaintiff-Appellant*,


    v.              No. 16-509-pr


ADAMS, Captain, F.C.I. Ray Brook, D. HUDSON, Warden, F.C.I. Ray Brook,
     *Defendants-Appellees*,


SCOTT DEGON, Lieutenant, F.C.I. Ray Brook,
     *Defendant*.

-----------------------------------------------------------------------


 FOR PLAINTIFF-APPELLANT:    Clarence Hicks, *pro se*, White Deer, PA.

---

* Judge Ann M. Donnelly, United States District Court for the Eastern District of New York, sitting by designation.

1

FOR DEFENDANTS-APPELLEES:                    Charles E. Roberts, Assistant United States Attorney (Karen Folster Lesperance, Assistant United States Attorney, *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a February 10, 2016, judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*; Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Clarence Hicks, *pro se*, appeals from the judgment of the district court adopting a magistrate judge's report and recommendation and dismissing Hicks's action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 121 (2d Cir. 2016). In deciding a Rule 12(b)(6) motion, the district court may consider documents incorporated into the complaint by reference, as well as "documents possessed by or known to the plaintiff upon which [he] relied in bringing the suit." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016). Here, the district court properly considered only those documents of which Hicks had notice and that were incorporated by reference or relied upon by Hicks in bringing suit.

We agree with the district court's conclusion that Hicks failed to exhaust his administrative remedies prior to filing his complaint in this action. The Prison Litigation Reform Act ("PLRA") bars prisoners from bringing suit about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA "requires proper exhaustion," meaning that the prisoner must "compl[y] with the system's critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93, 95 (2006). Specifically, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91. Exhaustion is mandatory, as long as remedies are actually available. *See Ross v. Blake*, 136 S. Ct. 1850, 1856–59 (2016). Remedies are unavailable if the "administrative scheme [is] so opaque that it becomes, practically

speaking, incapable of use," *id.* at 1859, or if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," *id.* at 1860.

Here, Hicks failed to exhaust because he did not properly appeal the warden's rejection of his grievances and thus did not comply with applicable procedural requirements. *See Woodford*, 548 U.S. at 90–91. Although Hicks asserts that prison staff did not transmit appeals he attempted to submit, he does not state when he submitted the appeals, to whom, and what, if any, steps he took after the documents were not filed. His conclusory allegation is insufficient to plausibly assert that prison officials thwarted his attempt to appeal. *See Ross*, 136 S. Ct. at 1860; *cf. Williams*, 829 F.3d at 120–21, 124 n.3 (holding that inmate had plausibly alleged he was thwarted when he gave a grievance to a correction officer, then followed up with the superintendent who professed no knowledge of the grievance, suggesting that grievance had never been filed).

Moreover, the grievance procedures here were not so opaque that the regulatory scheme was incapable of use, as there was no ambiguity regarding what steps Hicks needed to take to file a proper appeal. *Cf. Williams*, 829 F.3d at 124. Bureau of Prisons officials told Hicks on more than one occasion how to proceed once his first appeal to the regional director was rejected as illegible. We therefore conclude that the district court properly dismissed Hicks's complaint for failure to exhaust administrative remedies.[1]

We have considered Hicks's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent that Hicks challenges the district court's earlier *sua sponte* dismissal of certain claims as part of the court's initial review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, Hicks has abandoned any such arguments by failing to raise them in his opening brief on appeal.